UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re LSC Liquidation, Inc., *et. al.*[1]

               Debtor.
_____/

Case No. 15-45784-MBM
Chapter 11
Hon. Marci B. McIvor

The Official Committee of Unsecured
Creditors of Lee Steel Corporation on behalf of
Debtor Lee Steel Corporation,

               Plaintiff,

v.

Adv. P. No. 16-04073-MBM

Selman Transportation, Inc.,

               Defendant,
_____/

**OPINION GRANTING DEFENDANT'S MOTION TO REOPEN ADVERSARY PROCEEDING AND SET ASIDE DEFAULT JUDGMENT**

This matter is before the Court on Defendant Selman Transportation, Inc.'s Motion to Reopen Adversary Proceeding and Set Aside Default Judgment. Defendant seeks to set aside a default judgment entered by the Court on March 14, 2016. For the reasons set forth in this Opinion, the Motion is granted.

**Factual Background**

On January 4, 2016, Plaintiff, the Official Committee of Unsecured Creditors filed an adversary complaint against Defendant Selman Transportation, Inc. The complaint seeks recovery of an alleged preferential transfer.

---

[1]This matter has been substantively consolidated with *Taylor Industrial Properties, LLC.*, (Case No. 15-45785) and 4L Ventures, LLC (Case No. 15-45788).

On January 18, 2016, Plaintiff filed a proof of service of the complaint on Defendant. The certificate of service states that Defendant was served by first class mail. The summons and complaint were served on Selman Transportation, Inc.'s registered agent, Gerald Selman, at 7170 E. McNichols, Detroit, Michigan.

Defendant failed to file an answer to the complaint and on March 4, 2015, a clerk's entry of default was entered.

On March 14, 2016, this Court entered a default judgment in the amount of $55,881.51 plus a $350 filing fee against Defendant.

On March 30, 2016, Plaintiff served a writ of garnishment on Motor City Co-Op Credit Union.

On April 8, 2016, Defendant filed the present Motion to Reopen the Adversary Proceeding and Set Aside the Default Judgment.

On April 11, 2016, Motor City Co-Op filed a garnishee disclosure statement indicating that it held funds belonging to defendant Selman Transportation in the amount of $56,484.94.

On April 19, 2016, the Court held a hearing on the Motion to Reopen Adversary Proceeding and Set Aside Default Judgment. At that hearing, Defendant conceded that service was made at the proper address but asserted that it did not receive the Summons and Complaint.

The matter was taken under advisement and the parties were afforded the opportunity to submit supplemental briefs. On April 25, 2016, Defendant filed a supplemental brief, accompanied by the affidavit of Gerald Selman, President of Defendant, Selman Transportation, Inc.

## **Standard for Setting Aside a Default Judgment**

Federal Rule of Civil Procedure 55, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7055, governs defaults and provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)("[A] a stricter standard applies for setting aside a default once it has ripened into a judgment."); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)("A default can be set aside for 'good cause shown' but a default that has become final as judgment can be set aside only under the stricter Rule 60(b) standards for setting aside final appealable orders").

Rule 60(b) provides, in pertinent part:

(b) <u>Grounds for Relief from a Final Judgment, Order, or Proceeding</u>. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
. . .
(6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b)(1) and (b)(6). "Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in *United Coin Meter [Co.., Inc. v. Seaboard Coastline R.R.]*, 705 F.2d. [839] at 845 [(6th Cir. 1983)] and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. Amer. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996).

While "[t]he decision to set aside a default judgment is left to the discretion of the trial

court..., the Sixth Circuit set forth three factors which are to be considered under Rule 55(b) and Rule 60(b): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *Gourlay v. Sallie Mae, Inc. (In re Gourlay)*, 465 B.R. 124, 128 (B.A.P. 6th Cir. 2012)(citing *United Coin*, 705 F.2d at 845). In applying these factors, the Sixth Circuit has explained that:

> When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Waifersong*, 976 F.2d at 292. In applying these factors, courts must also bear in mind that trials on merits are favored in federal court. *United Coin Meter,* 705 F.2d at 846 (6th Cir. 1983).

Pursuant to these requirements, the Court must first address Defendant's culpability framed in terms of "mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has explained that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 759 (BAP 6th Cir. 1998)(citation omitted). In the present case, Defendant concedes that the Summons and Complaint may have been mailed to the correct address. Defendant asserts however, that the Summons and Complaint were never received, thus, Defendant did not know that a complaint had been filed.

The Federal Rules of Bankruptcy Procedure authorize service of process via United

4

States Mail, first class, postage prepaid, "[u]pon a domestic or foreign corporation ... by mailing a copy of the summons and complaint ... to any ... agent authorized by appointment ... to receive service of process [,]" Fed. R. Bankr. P. 7004(b)(3), and "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." Fed. R. Bankr. P. 9006(e). "There is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail." *Guinn v. Irwin Mtg. Corp. (In re Patterson)*, 330 B.R. 631, 637-38 (Bankr. E.D. Tenn. 2005)(citation omitted). The presumption of receipt upon proper mailing is rebuttable, although it takes something more than a single statement of non-receipt, standing alone, to meet that burden. *Id*. at 638 citing *Schilling v. O'Bryan (In re O'Bryan)*, 246 B.R. 271, 277 (Bankr. W.D. Ky. 1999)("To allow a simple denial of receipt, standing alone, to rebut the presumption would be to destroy the presumption entirely"). On the other hand, service by mail to the correct address standing alone, may be insufficient to defeat a motion to set aside a default judgment. If there is some plausible factual basis to support a Defendant's assertion that it did not receive the Summons and Complaint, the Court may find that Defendant lacked the culpability required for a default judgment. *See e.g. Bavely v. Powell (In re Baskett)*, 219 B.R. 754 (BAP 6th Cir. 1998); *Rooks v. Amer. Brass Co.*, 263 F.2d 166 (6th Cir. 1959).

## Analysis

In the present case, Defendant's primary argument for setting aside the default judgment is that it never received the complaint (Selman Aff. ¶ 14). Because it appears that service was

properly sent to Defendant's registered agent, that assertion, standing alone, is insufficient to overcome the presumption of receipt. However, in this case, that assertion is supported by other evidence which indicates that: (1) there was an ongoing problem with mail delivery to Defendant and that problem was not attributable to Defendant (Selman Aff. ¶¶ 5, 6, 15); (2) Defendant had notice of the bankruptcy in which the complaint was filed and has been actively involved in the bankruptcy (for example, Defendant has timely filed a claim in the bankruptcy); (3) Defendant was actively watching the mail relating to Lee Steel Corporation's bankruptcy because Defendant was hoping for partial payment on its claim (Selman Aff. ¶ 8); and (4) the serious consequences of a successful preference action gave Defendant every incentive to answer Plaintiff's complaint (Selman Aff. ¶ 17), particularly when Defendant has meritorious defenses to the Complaint. (Selman Aff.¶ 18-23).

    This Court does not take lightly a defendant's failure to answer a complaint. However, on the record in this case, the Court can find no basis for concluding that Defendant's failure to timely file an answer to the complaint was the result of culpable conduct by Defendant. Defendant has designated a resident agent and address for receiving service of process and has received mail at that address. Defendant received notice of the filing of the bankruptcy and timely filed a proof of claim. Defendant also states however, that mail is frequently delivered to 7171 E. McNichols (the building next door) rather than the correct address, 7170 E. McNichols. Defendant also states that mail is sometimes delivered in an untimely fashion. (Selman Aff. ¶¶ 4, 14, 15) The court finds Defendant's statements to be plausible. Given that Defendant was participating in the bankruptcy case, there is no reason to believe that, had Defendant actually received the complaint, he would not have answered it. The record simply does not support the

6

16-04073-mbm    Doc 17    Filed 04/29/16    Entered 04/29/16 13:18:34    Page 6 of 9

proposition that Defendant either intended to thwart judicial proceedings or recklessly disregarded the effect of its conduct on the proceedings. Thus, the conduct leading to the entry of the default judgment was not culpable.

The next step in determining whether the default judgment should be set aside is assessing whether the plaintiff will be prejudiced. "For the setting aside of a default judgment to be considered prejudicial, it must result in more than delay. Rather, the delay must result in tangible harm, such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433-434 (6th Cir. 1996)(quoting *INVST Fin. Group*, 825 F.3d at 398. "[T]he relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Dassault Systemes, SA v. Childress,* 663 F.3d 832, 842 (6th Cir. 2011)(citation omitted). In the present case, apart from delay, it does not appear to the Court that there will be any prejudice to Plaintiff. There appears to be no risk of losing evidence, complicating discovery, or fraud and collusion. The only obvious prejudice is to Defendant. Defendant is a small business and the loss of $56,484.94 will have a significant adverse impact on Defendant's business. This is particularly true when Defendant has already lost money as a result of Lee Steel's bankruptcy filing, as it is extremely unlikely that Defendant's claim will be paid in full, if at all. As Defendant's president stated in his affidavit, "[w]ithout access to the funds subject to garnishment, Selman Transportation will be forced to terminate substantially all of its employees, and it is unlikely it will be able to continue to operate its business in any fashion." (Selman Aff ¶ 25). On these facts, the Court concludes that Defendant will be seriously prejudiced if the default judgement is not set aside.

The final step in determining whether the default judgment should be set aside is whether Defendant has a meritorious defense. "[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Thompson*, 95 F.3d at 434, quoting *INVST Fin. Group,* 815 F.2d at 398-99.

In the present case, Defendant asserts that it has an ordinary course of business defense to the preference action. 11 U.S.C. § 547(c). That defense is designed to "protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the Debtor and the transferee." *Waldschmidt v. Ranier (In re Fulghum Constr. Corp)*, 872 F.2d 739, 743 (6th Cir. 1989)(citation omitted). Defendant contends that its regular business practice with the Debtor is to submit weekly invoices and receive weekly remittances. This is standard in the industry and such payments fall within 11 U.S.C. § 547(c)(2). (Selman Aff. ¶¶ 19-23). In light of these assertions, the Court finds that Defendant has, for purposes of setting aside the default judgment, raised a meritorious defense.

## Conclusion

For the foregoing reasons, Defendant's Motion to Reopen Adversary Proceeding and Set Aside Default Judgment is granted. Defendant shall file an Answer to the Complaint on or before May 20, 2016.

Signed on April 29, 2016

                                          /s/ Marci B. McIvor
                                          Marci B. McIvor
                                          United States Bankruptcy Judge

9